## MANKO *vs.* BOROUGH OF CHAMBERSBURGH.

An injunction, issued to restrain municipal authorities from proceeding under their charter to remove a building alleged to encroach upon the line of a street, will not be dissolved upon the hearing on bill and answer, where such building was erected under a claim of right, on a line on which for a period of thirteen years numerous houses had been built, where no public inconvenience will be occasioned by continuing the injunction, and where the private interests involved are considerable, and the questions raised affect not only the complainant but others, who have erected buildings in like position and under like circumstances.

On motion to dissolve injunction.

*Mr. A. Reed*, for the motion.

*Mr. E. T. Green* and *Mr. A. G. Richey*, contra.

THE CHANCELLOR.

The defendants, a municipal corporation of this state, under the power given by their charter, (*Pamph. L.*, 1872, *p.* 1044,) to remove encroachments from their streets, ordered the complainant to remove a brick building he had erected on his lot on the westerly side of Broad street, within the limits of their municipality. He insists that the front of the building is on the true westerly line of the street. They, on the other hand, insist that it encroaches for its whole width, a depth of five feet nine and a half inches on the street. On the filing of the bill, an injunction was granted. The defendants having answered, now move to dissolve it. Their answer is put in under their corporate seal, and is not verified by oath, except as some of the matters therein contained are sworn to in the two affidavits appended to it. On the argument, it was insisted by the complainant's counsel, that the fact that all the material facts and denials of the answer are not sworn to, was of itself sufficient to induce the court to refuse to dissolve the injunction. As this case presents itself to me, I do not deem it necessary to pass upon that question. The bill alleges, that for about fifty years, the westerly line of the street has been that on which the complainant's house is built; that it has been, for all that time, well defined and established, and that it is the true line, and that from about 1825 to 1852 the road fence was maintained there, accordingly. The bill further states, and there is no dispute in regard to the fact, that at various periods from three to thirteen years past, numerous houses have been built in the immediate vicinity of the complainant's lot, on the line on which his house is built. One of these is on the lot which adjoins his on the southerly

side, and another is on a lot only twenty-five feet distant from his, on the northerly side.

The case is one in which the injunction should be retained until the final hearing. In *Varick* v. *Corporation of New York*, 4 *Johns. Ch.* 53, a case resembling this in its features, it was held on final hearing, that after a claim of right, accompanied with actual and constant possession for twenty-five years and upwards, the corporation of the city of New York could not be permitted, without due process of law, to enter upon the possession of the plaintiff and pull down buildings, fences, &c., under their right to regulate highways.

The street, according to the claim of the defendants, should be sixty-six feet wide. It appears that it is now about sixty. No public inconvenience will be occasioned by continuing the injunction. On the other hand, the private interests involved are considerable, and the questions raised in this cause, affect not only the complainant, but his neighbors also, who, having under like circumstances and for the same reason, built their houses on the same line on which he has built his, are liable to the like action at the hands of the officers of the borough. It is therefore important, that the questions involved in this case should be fully and deliberately investigated and settled.

The motion is denied, with costs.